IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLARENCE ALLUMS, #168471,           )
                                    )
          Petitioner,               )
                                    )
     v.                             )          CASE NO. 2:11-CV-496-TMH
                                    )                  [WO]
                                    )
J. C. GILES, et al.,                )
                                    )
          Respondents.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  PROCEDURAL HISTORY**

This civil action is before the court on a 28 U.S.C. § 2254 petition for writ of habeas

corpus filed by Clarence Allums ["Allums"], a state inmate, on June 21, 2011. In this

petition, Allums challenges the calculation of his release date by correctional officials.

In July of 1992, the Circuit Court of Montgomery County, Alabama convicted Allums

of murder and sentenced him to twenty years' imprisonment.[1]  The Alabama Board of

Pardons and Paroles granted parole to Allums in April of 1998 and Allums remained under

the conditions of this term of parole for the duration of his twenty-year sentence.  It is

undisputed that Allums agreed to the standard conditions of parole, including a condition

requiring that he not violate any law while on parole, and acknowledged that a violation of

---

[1] At the time of filing the instant habeas petition, Allums was incarcerated pursuant to this conviction and sentence.

any condition of parole could result in the revocation of parole.

On October 14, 2006, deputies with the Escambia County, Florida Sheriff's Department arrested Allums for aggravated assault on his wife with a deadly weapon without intent to kill, battery, and possession of a deadly weapon or dangerous instrument. *Respondents' Exhibit 1 (December 12, 2008 Report of Parole Violation) - Doc. No. 14-1* at 14-17.[2]  On November 27, 2006, the Alabama Board of Pardons and Paroles declared Allums delinquent based on the charges lodged against him in Florida.  *Respondents' Exhibit 1 (Declaration of Delinquency) - Doc. No. 14-1* at 38.  Allums acknowledges that he was subsequently convicted by the Circuit Court of Escambia County, Florida for offenses arising from his October 14, 2006, arrest and served time in Florida for these convictions. *Respondents' Exhibit 1 (Petition for Writ of Certiorari/State Habeas Corpus Petition) - Doc. No. 14-1* at 9.  Upon completion of the Florida sentence, Allums returned to the custody of the Alabama Department of Corrections on October 1, 2008, pursuant to a detainer lodged against him related to his parole delinquency.  *Id*.

On November 6, 2008, a parole revocation hearing was conducted based on the Florida charges referenced in the declaration of parole delinquency.  *Respondents' Exhibit 2 (Parole Court Report) - Doc. No. 14-2* at 26.  At this hearing, Allums testified under oath that he had not committed any new offense while on parole. *Id*. Based on Allums' own

---

[2]All exhibits and accompanying page numbers referenced herein are those assigned by this court in the docketing process.

testimony, a lack of documentary evidence establishing convictions for the charged offenses, and no testimony indicating that Allums had committed the offenses, the hearing officer "recommend[ed] that [Allums'] term of parole be CONTINUED." *Id*. On December 8, 2008, the Alabama Board of Pardons and Paroles accepted the hearing officer's recommendation and ordered "[t]hat parole be CONTINUED...." *Respondents' Exhibit 1 (Action of the Board Subsequent to Parole) - Doc. No. 14-1* at 40. The Board, despite the opportunity to do so, did not void the November 27, 2006, Declaration of Delinquency, nor did it reinstate Allums on parole. *Id*.[3]

On December 10, 2008, Allums was released on parole but was arrested the following day on parole violation charges regarding the offenses committed in Florida, and on a new offense for lying at the previous parole revocation hearing. On December 12, 2008, parole officer Stephanie Y. Draw prepared a parole violation report in which she outlined four charges alleging violations of Allums' conditions of parole. *Respondents' Exhibit 1 (Report of Parole Violation) - Doc. No. 14-1* at 14-17. At the time of her preparation of this report, Ms. Draw had access to certified copies of Allums' convictions from the State of Florida. *Id*. In Charge No. 1, Ms. Draw identified a violation of parole condition number five, which required that Allums "shall promptly and truthfully answer all inquiries" made by the

---

[3] Although various documents generated by the Alabama Department of Corrections reference a "reinstatement" of parole, this characterization is inaccurate and is not determinative of the action undertaken by the Alabama Board of Pardons and Paroles as only the parole board has the authority to reinstate parole. Consequently, since the parole board did not order a reinstatement of parole, Allums was not reinstated to parole.

Alabama Board of Pardons and Paroles.  *Id*. at 14.  Ms. Draw set forth the details of this offense, asserting that "[o]n 11/06/2008, a Parole Court Hearing was held at Kilby Correctional Facility.  The offender testified while under oath that he had never been convicted of any charges from the State of Florida."  *Id*. at 14-15. The remaining charges referenced in the report listed the offenses Allums committed against his wife in the State of Florida and provided the details of those offenses.  *Id*. at 15-16 ("[Allums] was ... arrested on [these] charge[s] ... and served 2 years 4 months and 44 days [for convictions related to these offenses]....  [According to the arrest report,] Leneer Allums contacted [law enforcement officials in Escambia County, Florida on October 14, 2006] to advise them that she had been battered and threatened by her husband, Clarence Allums.  Mrs. Allums stated that during a verbal altercation with Clarence, he grabbed her by the throat and demanded she allow him to speak.  A struggle ensued at which time Clarence obtained a steak knife and held it to her face and threatened to kill her.  Angered, Clarence stabbed the knife into the bedroom's night stand where it broke.  She stated that she was not allowed to leave the residence for 45 minutes during the struggle to call Sheriff's deputies.  Upon arrival [on the scene], the deputies stated they found Clarence with his head out of the upstairs window of the apartment. He was asked to step outside and he co-operated.  When asked about the altercation, Clarence corroborated his wife's statements.  He explained that out of frustration of not being allowed to speak, he grabbed his wife by the face in an attempt to keep her quiet. He grabbed the steak knife out of frustration and slammed it into the night stand where it

4

broke....").

On December 23, 2008, a second parole revocation hearing was held on the charges outlined in the December 12, 2008, parole violation report. *Grounds in Support of Section 2254 Petition for Writ of Habeas Corpus - Doc. No. 1-1* at 3; *Respondents' Exhibit 1(Action of the Board Subsequent to Parole Court) - Doc. No. 14-1* at 47. After reviewing all of the evidence presented, the hearing officer filed "a report and recommendation ... [containing a] detailed statement of evidence, the findings, and the reasons supporting those findings, which were ... that [the] Charge(s) [related to lying under oath at the previous hearing, assault with a deadly weapon and battery] were proven to [the hearing officer's] satisfaction." *Respondents' Exhibit 1 (Action of the Board Subsequent to Parole Court) - Doc. No. 14-1* at 47. After this hearing, the Alabama Board of Pardons and Paroles again declared Allums delinquent on January 5, 2009. *Respondents' Exhibit 1 (Declaration of Delinquency) - Doc. No. 14-1* at 46. This Declaration of Delinquency repeated the parole violations stated in the first declaration which related to the offenses committed in Florida, and added a violation for Allums' failure to provide truthful testimony during the initial parole revocation hearing. *Id*.

The hearing officer presented his report and recommendation addressing the December 23, 2008, parole revocation hearing to the Alabama Board of Pardons and Paroles. On February 2, 2009, members of the parole board reviewed the report and recommendation submitted by the hearing officer and "after considering the evidence offered at Parole Court and the findings and recommendations of the Hearing Officer ... ORDER[ED] ... [t]hat parole

5

be revoked...." *Id.*

On June 30, 2009, Allums initiated an action styled as a petition for writ of certiorari with the Circuit Court of Montgomery County, Alabama, challenging the manner in which correctional officials had computed his release date. *Respondents' Exhibit 1 (Petition for Writ of Certiorari/State Habeas Corpus Petition) - Doc. No. 14-1* at 8-11.[4] In this petition, Allums alleged that the order issued on December 8, 2008 by "the Board of Pardons and Paroles voided the delinquency of November 27, 2006 to October 1, 2008 by reinstating Petitioner to [parole]." *Id.* at 10.[5] Allums argued that no "dead time" – time for which an inmate receives no credit towards the service of his sentence – accrued prior to January 5, 2009, and "any delinquency date to be calculated should date from January 5, 2009... ." *Id.* On August 16, 2010, the Circuit Court of Bibb County, Alabama, granted the respondents'

---

[4]Although the clerk of the state court indicated receipt of the petition occurred on July 6, 2009, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se petitions for writ of certiorari filed in the state courts of Alabama. The record before the court indicates that Allums presented his state petition to prison authorities for mailing on June 30, 2009. *Respondents' Exhibit 1 (Petition for Writ of Certiorari/State Habeas Corpus Petition - Doc. No. 14-1* at 11. The court therefore concludes that June 30, 2009, is the appropriate date of filing for Allums' state petition for writ of certiorari. The Circuit Court of Montgomery County, Alabama subsequently converted the petition for writ of certiorari to a writ of habeas corpus and transferred the petition to the Circuit Court of Bibb County, Alabama for review and disposition. *Respondents' Exhibit 1 (Order of Conversion and Transfer) - Doc. No. 14-1* at 6.

[5]This allegation is refuted by the record. As previously determined, *infra* 3, the parole board's December 8, 2008, order merely "continued" Allums' parole and did not reinstate parole or void the November 27, 2006, delinquency.

motion for summary judgment, finding "no genuine issue as to any material fact" and dismissed the case. *Respondents' Exhibit 5 - Doc. No. 14-5* at 17.

Allums filed a direct appeal of the trial court's order in which he alleged that "the Trial Court abused it's [sic] discretion in rendering summary judgment to the Department of Corrections when a question of fact was at issue, a violation of Due Process occurred, or direct violation of State law occurred[.]" *Respondents' Exhibit 6 - Doc. No. 14-6* at 6.  In support of his appeal, Allums argued that: (1) The Alabama Department of Corrections erred in calculating his release date when it used November 27, 2006, as the delinquency date instead of January 5, 2009, and such action violated *Ala. Code* § 15-22-32;[6] (2) An issue of disputed fact existed as to whether he was detained in Florida on the parole delinquency; and (3) The Alabama Department of Corrections violated due process by using November 27, 2006, as the date of delinquency when the Alabama Board of Pardons and Paroles had continued his parole on December 8, 2008, and this continuance, in  Allums' opinion, had voided the delinquency declared on November 27, 2006. *Id*. at 8. On February 11, 2011, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Allums' state habeas petition. *Respondents' Exhibit 9 - Court Doc. No. 14-9*.  The appellate court's opinion reads,

---

[6]This code section addresses the calculation of "dead time" as follows:  "Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, shall declare the prisoner to be delinquent, and time owed shall date from the delinquency.... Upon revocation of parole, the board may require the prisoner to serve out in prison the balance of the term for which he or she was originally sentenced, calculated from the date of delinquency or the part thereof as it may determine.  The delinquent parolee shall be deemed to have begun serving the balance of the time required on the date of his or her re-arrest as a delinquent parolee."

in relevant part, as follows:

At issue is whether Allums is due to be credited one year, ten months, and four days of time served for crimes committed in the State of Florida while on parole for his Alabama sentence. The record establishes the following facts.

On July 6, 1992, Allums was convicted of murder and sentenced to 20 years' imprisonment. At that time, Allums received 432 days of jail credit toward his sentence. On April 27, 1998, Allums was released on parole.

On October 14, 2006, Allums was arrested in Florida on new charges arising out of an incident of domestic violence that occurred in Florida. On November 27, 2006, Allums was declared delinquent by the Alabama Board of Pardons and Paroles based upon the crimes charged in Florida. Allums was convicted of the Florida crimes and incarcerated in the Florida penal system. On October 1, 2008, following the completion of his Florida sentence, Allums was returned to Alabama and the custody of DOC.

On November 6, 2008, a parole revocation hearing was conducted.  On December 8, 2008, Allums parole was continued because the hearing officer found that the charges regarding the Florida offenses were not proven. Specifically, the hearing officer found that Allums's denial that he committed the Florida offenses, when coupled with the lack of prosecutorial evidence, rendered the evidence insufficient to revoke Allums's parole. [Based on this finding, the Alabama Board of Pardons and Paroles continued Allums parole but did not void the November 27, 2006 Declaration of Delinquency]. On December 10, 2008, Allums was again released on parole.

On December 11, 2008, Allums was taken into custody pursuant to a parole officer's authorization of arrest that was issued and executed on that same day. On December 12, 2008, Allums was formally charged with parole violations. In addition to the parole violations that occurred as a result of his convictions for crimes [committed] in Florida, Allums was also charged with violating his parole by failing to truthfully answer all inquiries directed to him by the State Board of Pardons and Paroles. Specifically, Allums was charged with violating a condition of his parole because he testified under oath that he had never been convicted of any charges from the State of Florida when, in fact, Allums had been convicted and he served [time] in the custody of the Florida Department of Corrections for those offenses. At the time of the November 6, 2008 parole hearing, the hearing officer did not have a copy of the certified convictions from the State of Florida.

On December 23, 2008, a second parole revocation hearing was conducted. Allums was found guilty of violating the conditions of his parole

as a result of the offenses committed in Florida, as well as violating a condition of his parole by failing to truthfully answer questions posed to him by the Board of Pardons and Paroles during the November 6, 2008 hearing.

On January 5, 2009, Allums was declared delinquent; his parole was revoked on February 2, 2009. Allums received one year, ten months, and four days of "dead time" from the date of his November 27, 2006 declaration of delinquency until his return to DOC on October 1, 2008. His minimum release date is now March 2, 2013.

On [June 30, 2009], Allums filed a petition for writ of habeas corpus. In his petition, Allums argued that because the Board of Pardons and Paroles continued his parole following the November 6, 2008 hearing, the delinquency period that occurred while he was incarcerated in Florida was "voided" and DOC should not have categorized that time as "dead time" that would not count toward service of his sentence. Allums claimed that at most, the only "dead time" that should have been added to his sentence was the period between January 5, 2009 and February 2, 2009 -- the time that he was again declared delinquent until his parole was actually revoked.

On March 26, 2010, DOC filed a motion to dismiss or in the alternative, a motion for summary judgment. DOC averred that Allums's release date had been correctly calculated, and that the time Allums was incarcerated in Florida was correctly considered "dead time" that should not be credited against his Alabama sentence. DOC attached several exhibits in support of its contention.

One of the exhibits attached to its motion to dismiss was an affidavit from Kathy Holt, DOC Correctional Records Director. Holt's affidavit stated, in relevant part:

> "This is to certify that Clarence Allums ... minimum release date of March 2, 2013 is correct. Inmate Allums was sentenced July 6, 1992 on case CC-91-1852 to a term of 20 years with 432 days of jail credit as certified by the Montgomery County Circuit Court Clerk. According to the Code of Alabama § 14-9-41, Inmate Allums is prohibited from earning good time.
>
> "Pursuant to Code of Alabama § 15-22-32, 'whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the Board of Pardons and paroles, at its next meeting, shall declare such prisoner to be delinquent, and time owed shall date from such delinquency' and; Ivy v. State, 381 F.Supp. 503 (S.D. Ala. 1974), 'once a parolee is declared delinquent he is no longer serving his sentence in any capacity.' Inmate Allums was paroled April 27,

1998, arrested on October 14, 2006, [declared] delinquent November 27, 2006, and returned from Florida to the Alabama Department of Corrections on October 1, 2008, which accounts for 1 year, 10 months and 4 days of dead time. Inmate Allums delinquency ws not voided. He was [continued on] parole on December 10, 2008, arrested on December 11, 2008, declared delinquent on January 5, 2009 and revoked from parole on February 2, 2009...."

... (Emphasis added).

* * *

On appeal, Allums reasserts his claim that DOC improperly applied "dead time" to his sentence and thereby extended his minimum release date. As he did in his pleadings before the circuit court, Allums contends that because his parole was continued upon his return to the Alabama Department of Corrections, the time that he was declared delinquent while incarcerated in Florida was, in essence, "voided." He again claims that at most, the only "dead time" that should be applied toward his sentence is time from which he was declared delinquent on January 5, 2009 until his parole was revoked on February 2, 2009.

> "A petition for writ of habeas corpus is the proper method by which an inmate tests whether the DOC has properly calculated the time the inmate is to spend in prison. Day v. State, 879 So.2d 1206, 1207 (Ala.Crim.App. 2003); Breach v. State, 687 So.2d 1257 (Ala.Crim.App. 1996). We assume the DOC's calculations are correct unless there is some proof to the contrary. Morrison v. State, 687 So.2d 1259 (Ala.Crim.App. 1996)."

Montgomery v. State, 967 So.2d 103, 104 (Ala.Crim.App. 2007). Furthermore, it is well settled that "[b]y State law the time spent on parole is credited to one's prison term ... [h]owever, once a parolee is declared delinquent he is no longer serving his sentence in any capacity." Ivy v. State of Alabama, 381 F.Supp. 503, 504 (S.D. Ala. 1974).

Section 15-22-32(a), Ala.Code 1975, provides in relevant part:
> "Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, shall declare the

prisoner to be delinquent, and <u>time owed shall date from the delinquency</u>.... <u>Upon revocation of parole</u>, the board may require the prisoner to serve out in prison the balance of the term for which he or she was originally sentenced, <u>calculated from the date of delinquency</u> or the part thereof as it may determine. The delinquent parolee shall be deemed to have begun serving the balance of the time required on the date of his or her rearrest as a delinquent parolee."

(Emphasis added.)

The case of <u>State v. Thomas</u>, 833 So.2d 104 (Ala.Crim.App. 2002), relied heavily upon by Allums, is clearly distinguishable from the present case. The relevant facts from <u>Thomas</u> are these:

"While on parole serving a sentence for an Alabama conviction, Thomas was allowed to reside in California under the supervision of California authorities.... However, the Alabama Board of Pardons and Paroles ('the Board') declared him delinquent on September 28, 1992. <u>Pursuant to that delinquency declaration</u>, he was incarcerated in California on the same date. He was returned from California to the custody of the Department on June 26, 1993. A parole-revocation hearing was held on July 13, 1993. The Board member presiding over the hearing recommended, 'Reinstated to a satisfactory program.' The Board ordered '[t]hat the order of delinquency is void and inmate is reinstated on parole.' More than five years' later, the Department classified the time Thomas served between the 1992 declaration of delinquency (September 28, 1992) and California's transfer of him to the Department (June 26, 1993) as 'dead time,' for which Thomas would not be credited. The Department stated, 'Even though Inmate Thomas was reinstated and continued on parole, he is not entitled to credit from his delinquency date to the date returned from California to the Department of Corrections.'"

833 So.2d at 105 (Emphasis added).

The circuit court granted Thomas's habeas petition and ordered the Department of Corrections to credit to the service of Thomas's sentence the time Thomas was incarcerated in California. The State appealed the circuit court's ruling.

This court determined in <u>Thomas</u> that the issue for its consideration was "whether a parolee is entitled to credit for <u>all</u> time served between the

declaration of delinquency and the Board's order <u>voiding</u> that delinquency declaration and reinstating parole." <u>Thomas</u>, 833 So.2d at 106.... We affirmed the judgment of the circuit court, reasoning as follows:

"The attorney general discussed the application of this statute [15-22-32, set forth in relevant part above] in an attorney general's opinion, as follows:

"'Federal and state courts have held that when a parolee is declared delinquent, such declaration acts as an "interlocutory revocation of parole," which means that the parolee's time stops running until there is a revocation hearing and a decision by the Parole Board on whether to revoke parole. <u>Tunstill v. State</u>, 41 Ala.App. 516, 138 So.2d 267 (1962); <u>Ivy v. State</u>, 381 F.Supp. 503 (S.D. Ala. 1974).

"'... As soon as the Parole Board holds a hearing on the delinquency charge, the Board may require the prisoner to serve out the balance of his original sentence. Pursuant to Section 15-22-32, this balance would be calculated from the date upon which the delinquent parolee was rearrested as a parole violator.

"'The Parole Board may also find that the prisoner was not delinquent and may, pursuant to Code of Alabama 1975, reinstate him to parole. In this situation, the prisoner would be deemed to have had continuous service during the time he was held as a delinquent.'

"178 Ala. Op. Att'y Gen. 32 (1980) (emphasis added).

"In 34 Ala. Op. Att'y Gen. 17 (1944), the attorney general likewise interpreted the predecessor to § 15-22-32: Tit. 42, Sec. 12, Ala. Code 1940, which in all material aspects is identical to § 15-22-32, except that it does not contain the final clause of § 15-22-32 (i.e., "however, the delinquent parolee shall be deemed to have begun serving the balance of the time so required on the date of his rearrest as a delinquent parolee"). The attorney general was presented with the following questions:

"'[W]hether or not one, who has been paroled,

12

declared delinquent, and after a hearing on delinquency is reinstated, loses credit for service of the time between the declaration and the reinstatement. Is the reinstatement retroactive insofar as credit on sentence is concerned?'

"The attorney general answered that such a parolee 'does not lose credit for service of the time between the declaration of delinquency and the reinstatement of his parole.' The attorney general explained, as follows:

"'Although the first sentence of the [statute] authorizing the issuance of a declaration of delinquency provides that the time owed by the prisoner "shall date from such delinquency," this section by further providing for a hearing to determine whether the prisoner was in fact delinquent and by authorizing the Board ... to require the prisoner to serve in prison the balance of the term for which he was sentenced calculated from the date of delinquency, or such portion of the term as it may determine, <u>indicates that the Legislature intended such forfeiture to be effective as of the date of the declaration of delinquency *only* upon a finding of fact that the prisoner was actually delinquent. Thus the term 'time owed shall date from such delinquency' contemplates a determination of actual delinquency</u> at the hearing.'

"'Therefore, when the Board ..., having determined that a parolee had no intention of violating the conditions of his parole, or in fact had not done so, reinstates his parole, *he is in the same status as if the declaration of delinquency had never been made, and he loses no credit for service of time*.'"

"(Emphasis added.)

"'We recognize that '[w]hile an opinion of the attorney general is not binding, it can constitute persuasive authority.'" <u>State v. Corley</u>, 831 So.2d 59, 61 (Ala.Crim.App. 2001) (quoting <u>Alabama-Tennessee Natural Gas Co. v. Southern</u>

13

Natural Gas Co., 694 So.2d 1344, 1346 (Ala. 1997)). The two opinions of the attorney general discussed here constitute 'persuasive authority' in the resolution of the issue before us. Although it contains some notations that have no clear meaning to this court, the form indicating the action taken by the Board in Thomas's case clearly states the recommendation of the Board member presiding over the parole-revocation hearing: 'Reinstated to a satisfactory program.' Even more impressive is the Board's order: 'That the order of delinquency is void and inmate is reinstated on parole....' 'Void' means '[o]f no legal effect; null.' Black's Law Dictionary 1568 (7th ed. 1999). 'Reinstate' means '[t]o place again in a former state or position; to restore.' Id. at 1290. We construe this order as nullifying the declaration of delinquency and restoring Thomas to parole, as if there had never been a declaration of delinquency. Because the delinquency declaration is now a nullity, the time Thomas spent incarcerated in California pursuant to that declaration should be credited to him.

        "....

        ".... [T]o deny credit to the parolee whose delinquency declaration is voided and whose parole is reinstated is most illogical. A parolee found innocent of a parole violation might not be credited with continuous service of his sentence, as was the case here, while one whose parole is revoked upon the Board's finding of a parole violation would earn credit for time served between arrest and revocation.

        "It is without question that Thomas's incarceration in California was solely pursuant to the request of Alabama authorities and that a detainer was lodged against him. Because the order of delinquency is now a nullity, Thomas is in the same status as if the declaration of delinquency had never been made, and he loses no credit for service of time. He is 'deemed to have had continuous service during the time he was held as a delinquent.' 178 Ala. Op. Att'y Gen. 32.

        "Accordingly, the circuit court was correct in holding that Thomas is to be credited with the time he was incarcerated."

833 So.2d at 106-108 (Some emphasis in original; some emphasis added).

        In this case, Allums was incarcerated in Florida for crimes that he committed in Florida while paroled from the State of Alabama. Unlike the

petitioner in <u>Thomas</u>, Allums was not simply detained in another State pursuant to the request of Alabama authorities. Cf. <u>Writesman v. Alabama Department of Corrections</u>, [54 So.3d 450, 452] (Ala.Crim.App. 2010) (time between the date parolee Writesman was imprisoned in other States and returned to State of Alabama was not "dead time" and should have been credited toward the service of ... Writesman's sentences; Writesman had no pending cases in other States, but was instead being held awaiting his return to the custody of the Alabama Department of Corrections.)

Furthermore, the Board's decision to continue Allums's parole following the November 6, 2008 hearing did not "void" the delinquency. In fact, on the document entitled, "Action of the Board Subsequent to Parole," the Board had the option of selecting that the order of delinquency was voided; however, the Board did not select that option. The only option selected was that Allums's parole be continued. Thus, the Board's recommendation to continue parole cannot be construed to be a determination that Allums had "no intention of violating parole, or [that he had] in fact not done so." <u>Thomas</u>, 833 So.2d at 107.

Here, it is undisputed that Allums was arrested and incarcerated in Florida for convictions that occurred in Florida while he was on parole from the State of Alabama. He was declared delinquent on November 27, 2006 and remained delinquent until he was returned to the State of Alabama after serving his sentence in Florida. Based upon false information provided by Allums and the lack of certified convictions from the State of Florida, the Board of Pardons and Paroles continued Allums's parole. As soon as the Board received information indicating that Allums had been incarcerated in Florida for crimes that occurred in Florida and that Allums lied about his convictions to the hearing officer, the Board of Pardons and Paroles again issued delinquency charges, conducted a hearing, and subsequently revoked Allums's parole.

Given these facts, the Board's decision to initially continue Allums's parole cannot be considered a decision to "void" the [November 27, 2006] delinquency against Allums. To hold otherwise would circumvent the purpose of § 15-22-32(a), Ala. Code 1975, and reward Allums for violating the terms of his parole by committing crimes in Florida and then for subsequently perjuring himself by testifying falsely to a hearing officer about those convictions. Thus, because we find that the Board's action in continuing Allums's parole did not "void" Allums's delinquency, we also conclude that DOC correctly determined the period of delinquency as "dead time."

Accordingly, we find no abuse of discretion in the circuit court's

15

dismissal of Allums's petition for writ of habeas corpus without conducting an evidentiary heairng....

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Respondents' Exhibit 9 - Doc. No. 14-9* at 1-12 (citations to record and footnotes omitted) (emphasis as appears in original).

Allums filed an application for rehearing, *Respondents' Exhibit 10 - Doc. No. 14-10*, which the Alabama Court of Criminal Appeals overruled on March 4, 2011. *Respondents' Exhibit 11 - Doc. No. 14-11*. Allums then filed a petition for writ of certiorari with the Alabama Supreme Court. *Respondents' Exhibit 13 - Court Doc. No. 14-13*. The Alabama Supreme Court denied the petition for writ of certiorari on June 10, 2011, and issued its certificate of judgment on the same date. *Respondents' Exhibit 14 - Court Doc. No. 14-14*.

Allums initiated this 28 U.S.C. § 2254 action on June 21, 2011. In this petition, Allums continues his argument that correctional officials improperly calculated his release date by failing to give him credit on his sentence for time served from November 27, 2006, until his return to the custody of the State of Alabama on October 1, 2008. Specifically, Allums asserts that correctional officials and the state courts acted contrary to state law regarding the determination of his release date because they ignored the provisions of *Ala. Code* § 15-22-32 in calculating the amount of "dead time" applicable to his sentence. *Grounds in Support of Section 2254 Petition for Writ of Habeas Corpus - Doc. No. 1-1* at 8-9 (Due to the order issued by the parole board on December 10, 2008 continuing parole, "the calculation of time owed dated from the delinquency date of November 27th 2006 is contrary

to state law [as set forth] in § 15-22-32...." ).  Allums also argues that the failure to calculate

his release date properly pursuant to state law and the decisions issued by the state courts

upholding the challenged calculation deprived him of due process as he was denied his

liberty interest in obtaining his release upon the actual expiration of his sentence, a date

Allums calculates to have occurred on May 23, 2011.  *Id*. at 9-10.[7]

The documents filed in this case indicate that Allums is entitled to no relief from this

court, as the state courts properly adjudicated his challenges to the calculation of his release

date on the merits.  *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A

habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to

relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams

v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000).[8]

Upon review of the § 2254 petition, the answers of the respondents, Allums'

responses to the answers, the state court record, orders/opinions issued by the state courts and

applicable federal law, this court finds no evidentiary hearing is required, Rule 8(a), *Rules*

---

[7]In various documents filed with the court, Allums emphatically states that he is not challenging the parole board's decision to continue parole or the board's actual revocation of parole as he acknowledges that the proceedings underlying these decisions were "not only lawful under *Morrissey* [*v. Brewer*, 408 U.S. 471 (1972)], but complied with the mandatory language found in § 15-22-32(A), Code of Alabama 1975...."  *Petitioner's Response - Doc. No. 19* at 9; *Petitioner's Show Cause Response - Doc. No. 39* at 4.

[8]The respondents argue that Allums' due process claim is procedurally defaulted because he failed to raise the claim in his petition before the state the trial court.  Allums did, however, raise this claim throughout the state appeal process.  The Alabama Court of Criminal Appeals did not find the claim procedurally barred and, instead, issued an opinion addressing Allums' claims challenging the calculation of his release date.  Under the circumstances present herein, the court deems it appropriate to forego discussion of the procedural default argument.

*Governing Section 2254 Cases in United States District Courts*, and concludes the petition

is due to be denied.

## II. DISCUSSION

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as

amended by the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"]. *Lindh v.*

*Murphy,* 521 U.S. 320, 326 (1997) (federal habeas petitions filed after the effective date of

the AEDPA are subject to the Act's provisions). "A habeas petitioner whose claim was

adjudicated on the merits in state court is not entitled to relief in federal court unless he meets

the requirements of 28 U.S.C. § 2254(d)." *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852;

*Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under 28 U.S.C. § 2254(d), with respect

to a claim adjudicated on the merits in state court, federal habeas relief from a state court

judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ
> if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a
> case differently than this Court has on a set of materially
> indistinguishable facts.  Under the "unreasonable application"

18

> clause, a federal habeas court may grant the writ if the state
> court identifies the correct governing legal principle from this
> Court's decisions but unreasonably applies that principle to the
> facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

Habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law."

*Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original).  "Clearly established federal law is ***not*** the law of the lower federal courts, including this court.  Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.' *Williams*, 529 U.S. at 412, 120 S.Ct. at 1523."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis in original).

It is clear that "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning.  529 U.S., at 404–405, 120 S.Ct. 1495.  A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405–406, 120 S.Ct. 1495.  The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  *Id.,* at 407–408, 120 S.Ct. 1495.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.  *Id.,* at 409–410, 120 S.Ct. 1495.  See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly')."  *Bell v. Cone*,

20

535 U.S. 685, 694 (2002); *Windom v. Secretary, Dept. of Corrections*, 578 F.3d 1227 (11th

Cir. 2009) ("A state court decision is contrary to clearly established federal law if it applies

a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts

that are materially indistinguishable from a relevant Supreme Court precedent and arrives at

a result opposite to the Court's.") (quotation and other marks omitted); *Williams*, 529 U.S.

at 411, 120 S.Ct. at 1522 ("Under § 2254(d)(1)'s 'unreasonable application' clause, ... a

federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.");

*Putman*, 268 F.3d at 1241 ("A state court conducts an 'unreasonable application' of clearly

established federal law if it identifies the correct legal rule from Supreme Court case law but

unreasonably applies that rule to the facts of the petitioner's case.").

Federal district courts are likewise directed to determine whether the state court based

its findings on "an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of

fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §

2254(e)(1).  However, even when the state court addresses a question of law, this court is not

authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of §

2254(d)."  *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court admonishes that

such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.

As is clear from the foregoing, a federal "district court's review ... [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2007). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694. Additionally, "[t]he usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings ... demands that state-court decisions be given the benefit of the doubt.' *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (internal citation omitted)." *Allen v. Secretary, Florida Dept. of Corrections*, 611 F.3d 740, 748 (11th Cir. 2010). "In order to merit AEDPA deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each aspect of the petitioner's argument." *Smith v. Secretary, Dept. of Corrections*, 572 f.3d 1327, 1333 (11th Cir. 2009). "All that is required under § 2254(d)(1) [for deference to the decision of the state court] is an adjudication on the merits, not a full state court opinion." *Parker v. Secretary, Dept. of Corrections*, 331 F.3d 764, 776 (11th Cir. 2003).

The claims presented to this court by Allums challenging the calculation of his release

date were decided adversely to him by the Alabama Court of Criminal Appeals.  The court has undertaken a thorough review of the opinion issued by the state appellate court, all relevant facts and applicable law.  After such review, it is clear that the Alabama Court of Criminal Appeals did not decide Allums' claims "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law.  *Williams*, 362 U.S. at 412. Consequently, rejection of these claims by the state appellate court was not contrary to actual Supreme Court decisions.  Moreover, under the circumstances of this case, it is  clear that the decision issued by the Alabama Court of Criminal Appeals was objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties.  Thus, Allums is not entitled to relief from this court and the instant petition for habeas corpus relief is due to be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for writ of habeas corpus relief filed by Clarence Allums be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before November 7, 2013 the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be

considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

DONE, this 24th day of October, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

24